UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES KEITH SINGLETARY,

                Petitioner,

v.

                                  Case No.  2:07-cv-546-FtM-33SPC

UNITED STATES OF AMERICA,

                Respondent.
_____/

**ORDER**

This matter comes before the Court pursuant to Petitioner's Motion to Recuse the Honorable Virginia M. Hernandez Covington (Doc. # 9), which was filed on September 12, 2008.  The Government filed a response in opposition to Petitioner's motion on September 17, 2008. (Doc. # 10).

Petitioner, through counsel, requests that this Court enter an order of recusal in this case.  For the reasons that follow, the motion is denied.

On March 16, 2005, the grand jury returned a two-count indictment against Petitioner and several co-defendants (Criminal Doc. # 3).[1]  Specifically, count one of the indictment charged that Petitioner and the co-defendants "did knowingly and willfully conspire and agree with others, both known and unknown to the Grand Jury, to import into the United States from a place outside thereof, five (5) kilograms or more of a mixture or substance

---

[1] References to the criminal docket are to case 2-05-cr-21-FtM-33SPC.

containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 952." (Doc. # 3 at 1). Count two of the indictment, which was later dismissed, charged that Petitioner and the co-defendants "did knowingly and willfully conspire and agree with others, both known and unknown to the Grand Jury, to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, contrary to the provisions of Title 21 United States Code, Section 841(a)(1)." (Criminal Doc. # 3 at 2).

On September 12, 2005, Petitioner entered his plea of guilty to the indictment before United States Magistrate Judge Sheri Polster Chappell pursuant to a written plea agreement. (Criminal Doc. ## 155, 137-2).[2] During the hearing, Petitioner made some statements which clouded the record as to whether Petitioner entered his plea of guilty knowingly and willingly (Criminal Doc. # 155). For instance, when Judge Chappell asked Petitioner: "And you knew that the substance that you were off-loading or looking out for was cocaine?" Petitioner responded: "You know what, I didn't. I never seen it. It was in burlap and they told us at the time it was marijuana and I found out later it was cocaine."

---

[2] The plea agreement stipulated that count two of the indictment would be dismissed at the time of sentencing pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A). (Criminal Doc. # 137-2 at ¶ 6).

2

(Criminal Doc. # 155 at 26:9-13). Accordingly, to ensure that Petitioner knowingly and voluntarily entered his plea, the undersigned held a hearing on September 29, 2005, to elicit further testimony from Petitioner regarding his plea and to accept the plea. (Criminal Doc. ## 166, 225). After thoroughly discussing the facts of the case, the knowing and voluntary nature of the plea, Petitioner's medical needs, and other considerations, this Court accepted Petitioner's plea. (Criminal Doc. # 166)

Petitioner was sentenced on February 14, 2006, as to count one as follows: imprisonment for 210 months, supervised release for sixty (60) months, and a special assessment of $100. (Criminal Doc. # 206). Judgment was entered against Petitioner on February 21, 2006, reflecting Petitioner's sentence. (Criminal Doc. # 212).

Petitioner appealed the Judgment to the Eleventh Circuit, arguing that the undersigned should have recused herself due to bias against Petitioner. (Criminal Doc. # 209). The Eleventh Circuit affirmed the Judgment and remarked, "Here, the district court judge did not commit any error, much less pain error, in failing to recuse herself based upon her stated concerns about the effect that illegal drugs could have on the community, including children. We expect that all law-abiding people who are well-informed share the same concern." (Criminal Doc. # 273 at 5).

The Eleventh Circuit correctly ruled that no recusal was required in this case, and the undersigned determines that the

motion to recuse (Doc. # 9) is due to be denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Petitioner's Motion to Recuse the Honorable Virginia M. Hernandez Covington (Doc. # 9) is **DENIED.**

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>22nd</u> day of September, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record

Petitioner