UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHARLES KEITH SINGLETARY,

      Petitioner,

v.                         Case No. 2:07-cv-546-FtM-33SPC

UNITED STATES OF AMERICA,

      Respondent.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Sheri Polster Chappell's Report and Recommendation (Doc. # 29), filed on July 20, 2009, recommending that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Petitioner's Sentence by a Person in Federal Custody (Doc. # 1) be denied. The record reflects that Judge Chappell conducted an evidentiary hearing on the 2255 Motion on June 16, 2009. (Doc. # 24).

On July 29, 2009, Petitioner filed objections to the Report and Recommendation (Doc. # 30). On August 24, 2009, the Government responded to Petitioner's objections. (Doc. # 32). For the reasons that follow, the Court adopts the Report and Recommendation of Judge Chappell.

I.  **Background**

On March 16, 2005, a grand jury returned a two-count indictment against Petitioner and several co-defendants

charging conspiracy to import cocaine into the United States (count I) as well as conspiracy to possess with intent to distribute five kilograms or more of cocaine (count II). (Cr. Doc. # 3).[1]

On August 30, 2005, Judge Chappell held a change of plea hearing where Petitioner pled guilty to count I pursuant to a written plea agreement. (Cr. Doc. ## 155, 137-2.)[2]

In the plea agreement, Petitioner admitted that the following facts were true and that "were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:"

> From the late 1990's through at least 2001 the Weeks smuggling organization was responsible for importing approximately 5 loads of cocaine into the United States in the Middle District of Florida. The defendant knowingly and willingly joined in the scheme by participating on at least 3 occasions as a lookout and an offloader. Several thousand kilograms were brought into the Middle District of Florida during the ventures.

(Cr. Doc. # 137-2 at 14).

In addition, Petitioner waived the right to appeal his sentence, directly or collaterally. (Id. at 12). The waiver

---

[1] References to the criminal case are to case number 2:05-cr-21-FtM-33SPC.

[2] The plea agreement stipulated that count II of the indictment would be dismissed at the time of sentencing pursuant to Fed. R. Crim. P. 11(c)(1)(A). (Cr. Doc. # 137-2 at 2).

stated as follows:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his wavier and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(<u>Id.</u> at 12).

At the August 30, 2005, change of plea hearing, Judge Chappell discussed with Petitioner his sentence-appeal waiver as well as the range of prison time Petitioner could face. With respect to the sentence-appeal waiver, Judge Chappell questioned Petitioner as follows:

> And in the plea agreement you indicated that you agree that the Court has the authority and jurisdiction to impose any sentence up to the statutory maximum and expressly waived your right to appeal your sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the sentencing guidelines, except the ground that the sentence exceeds the applicable guideline range as

3

> determined by the Court, the ground that the sentence exceeds the statutory maximum penalty or the ground that the sentence violated the Eighth Amendment to the Constitution. You understand that is the case here?

(Cr. Doc. # 155 at 11:3-15). Petitioner replied, "Yes, ma'am." (Id. at 11:16). With regard to the maximum amount of prison time Petitioner faced, the following exchange occurred at the change of plea hearing:

> THE COURT: Count One carries a mandatory minimum term of imprisonment of ten years up to a maximum of life imprisonment, a maximum fine of four million dollars, a term of supervised release of at least five years and a special assessment of one hundred dollars. Do you also understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: So you understand the possible consequences of your plea?
>
> THE DEFENDANT: Yes.

(Cr. Doc. # 155 at 15:21-16:5).

However, Petitioner made certain statements during the August 30, 2005, change of plea hearing that called into question whether Petitioner's plea was entered knowingly and voluntarily. For example, when asked by Judge Chappell, "And you knew that the substance that you were off-loading or looking out for was cocaine?" Petitioner responded, "You know what, I didn't. I never seen it. It was in burlap and they told us at the time it was marijuana and I found out later it

4

was cocaine." (Cr. Doc. # 155 at 26:9-13).

To ensure that Petitioner knowingly and voluntarily entered his plea, the undersigned District Judge held a hearing on September 29, 2005, to elicit further testimony from Petitioner. (Cr. Doc. # 166). On September 29, 2005, after thoroughly discussing the facts of the case, the knowing and voluntary nature of the plea, Petitioner's medical needs, as well as other considerations, the Court accepted Petitioner's plea. (Cr. Doc. ## 166, 225). On February 14, 2006, the Court sentenced Petitioner to 210 months imprisonment. (Cr. Doc. # 206).

On August 31, 2007, Petitioner filed his 2255 Motion. This Court referred the 2255 Motion to Judge Chappell to conduct an evidentiary hearing and issue a Report and Recommendation. The Report and Recommendation and Petitioner's objections thereto are now before the Court.

**II. <u>Analysis</u>**

After conducting a careful and complete review of the findings and recommendations, a District Judge may accept, reject or modify the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>Williams v. Wainwright</u>, 681 F.2d 732, 732 (11th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1112 (1983). In the absence of specific objections,

there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n. 9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The District Judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

Petitioner filed timely objections to the Report and Recommendation; however, the objections lack substance. The Court agrees with the Government's characterization of Petitioner's objections: "Singletary merely repeats the arguments made in his pleadings and at the evidentiary hearing on this matter. Singletary's [o]bjections seek to discredit the Magistrate Judge's Report and Recommendation and raise no matter not fully addressed to date." (Doc. # 32 at 3).

Although this Court is not obligated to repeat Judge Chappell's careful analysis on the basis of Petitioner's vague objections, in the interests of fairness, this Court will undertake its analysis of Petitioner's arguments.

First, Petitioner argues that his plea agreement was not made knowingly and voluntarily. Second, Petitioner asserts

that his Sixth Amendment right to counsel was violated because (1) his trial counsel ineffectively failed to investigate the defense of withdrawal from the conspiracy; and (2) his trial counsel and his appellate counsel failed to argue that Petitioner received a disproportionately severe sentence and failed to object to alleged errors in Petitioner's PSI report.

### A. Knowing and Voluntary Guilty Plea

As noted above, the Court sentenced Petitioner to 210 months imprisonment on February 14, 2006. (Cr. Doc. # 206). Petitioner asserts that his plea was not entered into knowingly and voluntary. Petitioner objects to Judge Chappell's reliance on Petitioner's sentence appeal waiver as contained in the plea agreement as well as her reliance on Petitioner's plea colloquy as a basis for determining that Petitioner's plea was entered into knowingly and voluntary.

It is "well-settled" that the right to appeal is statutory and can be waived "knowingly and voluntarily." Williams v. United States, 396 F.3d 1340, 1342 (11th Cir.), cert. denied, 126 S. Ct. 246 (2005); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). As explained in Williams, "for a sentence-appeal waiver to be enforceable, the government must show that either (1) the district court specifically questioned the defendant concerning the sentence

7

appeal waiver during the plea colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver." Id. at 1341.

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a Section 2255 proceeding. Williams, 396 F.3d at 1342; United States v. White, 307 F.3d 336, 341-44 (5th Cir. 2002); Garcia-Santos v. United States, 273 F.3d 506, 508-09 (2d Cir. 2001); Davila v. United States, 258 F.3d 448, 451-52 (6th Cir. 2001); United States v. Cockerham, 237 F.3d 1179, 1183-87 (10th Cir. 2001), Mason v. United States, 211 F.3d 1065, 1069-70 (7th Cir. 2000). As discussed by the Williams court, a valid sentence-appeal waiver is enforceable against claims of ineffective assistance of counsel at sentencing because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." 396 F.3d at 1342; see also Cockerham, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to Section 2255 petition based on ineffective assistance of counsel unless the challenge concerns the validity of the plea or the validity of the waiver); Mason,

211 F.3d at 1069 (same); United States v. Djelevic, 161 F.3d 104, 107 (2d Cir. 1998)(although "dress[ed] up" as a Sixth Amendment claim, defendant is really challenging the correctness of his sentence under the guidelines, and therefore is barred by the plain language in his plea agreement; to allow his claim would be to "render meaningless" such plea agreement waivers).

In this case, Judge Chappell's reliance on the plea colloquy and the sentence appeal waiver contained in the plea agreement was proper. The Petitioner was afforded multiple plea proceedings in an effort to ensure that his plea was made voluntarily and with knowledge of its import and effect. During the multiple plea colloquies, the Magistrate Judge and District Judge delved deeply into Petitioner's understanding of the plea agreement to ensure that it was made knowingly and voluntarily. Petitioner's answers to the questions during the plea colloquies demonstrate that Petitioner did, in fact, tender a knowing and voluntary plea.

As stated in United States v. Billings, 263 F. App'x 795, 800 (11th Cir. 2008), "There is a strong presumption that statements made during the Rule 11 plea colloquy are true." See also Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("the representations of the defendant . . . as well as any findings

9

made by the judge in accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity"). In this case, Petitioner was advised of the mandatory minimum and maximum sentence and was advised of other implications of his plea, and Petitioner denied that he was coerced to enter a plea of guilty.

Further, Petitioner's trial counsel, Wilbur Smith, Esq., testified that he "went through the [plea] agreement page by page and [Smith] explained what it meant and how it affected the Petitioner's plea." (Doc. # 29 at 7)(citing Tr. 41-42). Attorney Smith specifically explained the sentence appeal waiver provision to Petitioner. (Doc. # 29 at 7)(citing Tr. 42:5-9). Attorney Smith also explained that the mandatory minimum sentence was ten years; however, Petitioner could face a substantially more severe sentence, including the sentence of life imprisonment, under certain circumstances. (Tr. 42:3-17). Attorney Smith advised Petitioner to plead guilty, but did not promise that Petitioner would receive a ten-year sentence. (Tr. 42).

Petitioner's assertion that he believed that he would receive a substantially lesser sentence is unreasonable and unavailing. The Court determines that Petitioner's plea was

10

made knowingly and voluntarily. Petitioner's objections on this ground, including any argument that Attorney Smith ineffectively advised Petitioner to enter a plea, are overruled.

### B. Ineffective Assistance

Petitioner contends that Attorney Smith and appellate counsel, Samuel J. Rabin, Esq., provided unconstitutionally ineffective assistance to Petitioner. Specifically, Petitioner contends that Attorney Smith failed to raise the defense of withdrawal from the conspiracy, and, at sentencing, failed to object to errors in the PSI report and failed to object to Petitioner's disproportionately severe sentence. Petitioner also argues that Attorney Rabin provided unconstitutionally defective assistance on appeal.

Proving ineffective assistance of trial or appellate counsel is a difficult task. To prevail on an ineffective assistance of counsel claim, Petitioner must meet the test established by Strickland v. Washington, 466 U.S. 668 (1984). In Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998), the Eleventh Circuit evaluated ineffective assistance of counsel under Strickland:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court set forth a two-pronged test for

> analyzing ineffective assistance of counsel claims. According to <u>Strickland</u>, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

<u>Singletary</u>, 155 F.3d at 1305 (internal citations omitted).

Courts must "indulge [the] strong presumption" that counsel's performance was reasonable and that counsel "made all significant decisions in the exercise of reasonable professional judgment." <u>Strickland</u> 466 U.S. at 689-90. Thus, counsel cannot be considered ineffective for performing in a particular way in a case, so long as the approach taken "might be considered sound trial strategy." <u>Darden v. Wainwright</u>, 477 U.S. 168, 186 (1986). Given the presumption that counsel offered competent assistance, the Petitioner's burden is a heavy one. <u>Chandler v. United States</u>, 218 F.3d 1305, 1315 (11th Cir. 2000)(en banc).

The reasonableness of counsel's performance is an objective inquiry. "Because Counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did

12

take." Chandler, 218 F.3d at 1315. As stated by the court in Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995)(en banc), "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial." See also Provenzano v. Singletary, 148 F.3d 1327, 1332 (11th Cir. 1998)(explaining that counsel's conduct is unreasonable only if petitioner shows that "no competent counsel would have made such a choice").

    **1.    Withdrawal Defense**

Petitioner's arguments concerning ineffective assistance of counsel, particularly concerning the "withdrawal" defense, cannot withstand the requirements of Strickland. As correctly noted by Judge Chappell, "no absolute duty exists to investigate a particular line of defense." (Doc. # 29 at 15). Counsel's decision not to investigate a certain defense need only be reasonable. Williamson v. Moore, 221 F.3d 1177, 1180 (11th Cir. 2000). Here, Attorney Smith testified that he did not think that the withdrawal from the conspiracy defense would be fruitful and he chose not to pursue it. (Tr. 50-51).

13

Petitioner's evidence presented at the hearing was not sufficient to meet the threshold showing that "he undertook affirmative steps, inconsistent with the objects of the conspiracy, to disavow or defeat the conspiratorial objectives *and* (2) either communicated those acts in a manner reasonably calculated to reach his co-conspirators or disclosed the illegal scheme to law enforcement authorities." <u>United States v. Finestone</u>, 816 F.2d 583, 589 (11th Cir. 1987)(emphasis in original).

As such, the Court does not find that Attorney Smith rendered ineffective assistance on this basis, and Petitioner's objections directed to the issue of withdrawal from the conspiracy are overruled.

**2. <u>Sentencing Issues</u>**

    **a.    <u>Disproportionate Sentence</u>**

Petitioner contends that his sentence was disproportionately severe in violation of the Eighth Amendment to the United States Constitution. Petitioner fails to describe in his objections how his sentence differed from others sentenced for similar conduct. This Court agrees with Petitioner's assertion that "counsel must make a significant effort, based upon a reasonable investigation and logical argument, to mitigate his client's punishment." (Doc. # 30 at

5). However, there is no evidence to show that Attorney Smith's representation fell below this basis standard during the sentencing proceedings.

As delineated in the Report and Recommendation, Attorney Smith argued at sentencing that co-conspirator Darrell Taylor received a sentence of 135 months imprisonment. (Doc. # 29 at 19, Cr. Doc. # 155 at 15-16). The transcript of the sentencing proceedings shows that Attorney Smith advanced a number of arguments concerning sentence disparity as well as arguments concerning Petitioner's health and culpability in an effort to obtain a lower sentence for Petitioner. (Cr. Doc. # 155 at 15). Accordingly, Petitioner's arguments concerning Attorney Smith's alleged failure to argue that Petitioner was receiving a disproportionate sentence are overruled.

### b. Amount of Cocaine Imported

Petitioner submits that his sentence was improperly enhanced because the drug quantity in the pre-sentence investigation report ("PSI") was more than the drug quantity in the plea agreement. Petitioner contends that both appellate counsel and trial counsel rendered ineffective assistance in failing to raise this issue.

The Court agrees with Judge Chappell's thorough analysis on this issue, but ultimately determines that Petitioner

15

waived the right to make this argument when he signed the plea agreement, which contained the sentence appeal waiver. Further, in the plea agreement, Petitioner acknowledged that he was responsible for the importation of thousands of kilograms of cocaine into the United States. (Cr. Doc. # 137 at ¶ 14). Trial counsel and appellate counsel did not provide unconstitutionally defective assistance to Petitioner and Petitioner's objections on this issue are overruled.

## III. Conclusion

Upon the Court's independent review of the file and evaluation of Petitioner's objections to the Report and Recommendation, the Court adopts the Report and Recommendation, overrules the objections thereto, and denies the 2255 Motion.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a

constitutional right." Id. at § 2253(c)(2). To make such a showing, the defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. # 1) is **DENIED.**

(2) United States Magistrate Judge Sheri Polster Chappell's report and recommendation (Doc. # 29) is **ACCEPTED AND ADOPTED.**

(3) This Court declines to issue a certificate of appealability and Petitioner is not entitled to appeal in

forma pauperis.

(4) The Clerk is directed to file this Order in this case and the corresponding criminal case of 2:05-cr-21-FtM-33SPC. The Clerk is directed to enter judgment accordingly and to close the case.

**DONE** and **ORDERED** in Fort Myers, Florida, this <u>1st</u> day of September, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record